HARDIN *v.* HOME INS. Co. *et al.*

(Division B. Nov. 13, 1933.)

[150 So. 648. No. 30717.]

Creekmore & Creekmore, of Jackson, for appellant.

**L. Barrett Jones,** of Jackson, for appellees.

604

**Ethridge, P. J.,** delivered the opinion of the court.

Dr. J. A. Hardin, plaintiff in the court below, brought suit for slander against the Home Insurance Company and L. P. Abel, its adjuster, the first count charging that the Home Insurance Company was engaged in the insurance business in New York, and was authorized to and was transacting the business of fire insurance in Calhoun county, Mississippi, and elsewhere in the state, having for its statutory agent the insurance commissioner; that on or about the 28th day of August, 1929, the .company issued to Dr. Hardin a policy of insurance against loss by fire from August 17, 1929, to August 17, 1934, in the amount of one thousand nine hundred dollars on certain property described in the policy; and that on the 17th day of January, 1931, a fire occurred in the property described in the policy, and that said house was totally destroyed by fire at that time.

That L. P. Abel was then, and at all times mentioned therein and now is, the agent and insurance adjuster of said Home Insurance Company, his duty being to adjust

losses, and that it particularly became his duty to investigate and adjust the loss above mentioned. That very shortly after the fire took place, the Home Insurance Company sent L. P. Abel, its adjuster, to Calhoun county, Mississippi, and particularly to Derma, Mississippi, for the purpose of investigating said fire loss and adjusting same, and that said L. P. Abel, acting for the Home Insurance Company, and within the scope of his employment, and in the actual performance of his duties, and in the presence of and in the hearing of different persons, falsely and maliciously spoke and published of and concerning the plaintiff the following words:

"Don't you (meaning and intending the person to whom he, the defendant, L. P. Abel, was talking) think that he (meaning and intending to refer to Dr. J. A. Hardin, the plaintiff herein) poured a barrel of oil on it (meaning and intending thereby the said dwelling house above referred to which was insured against loss by fire by the defendant company, and which was destroyed by fire on or about January 17, 1931), and set the house afire (meaning and intending thereby to charge that the said plaintiff, Dr. J. A. Hardin, feloniously set the said house afire) and in the same discourse and conversation said, 'Isn't Dr. Hardin (meaning and intending to refer to the plaintiff, Dr. J. A. Hardin), in a financial tight' (meaning and intending to charge thereby that the plaintiff, Dr. J. A. Hardin, was financially embarrassed and that his alleged poor financial condition caused or influenced the said plaintiff to set said house afire for the purpose of collecting insurance on said house, by reason of policy with said defendant company hereinbefore referred to)."

The declaration further alleged that, at the time the said adjuster made these remarks, the plaintiff possessed a good name and reputation, and enjoyed the esteem of his neighbors and their good opinion, as well as that of other worthy citizens of this state, and that the above-quoted remarks tended to injure the said plaintiff by

charging that he committed the crime of arson in violation of the law; and demanded damages in the sum of twenty-five thousand dollars.

In the second count of the declaration, the adjuster is claimed to have uttered the following words:

"Did you (meaning and intending the person to whom he, the defendant, L. P. Abel, was talking) smell gasoline or kerosene at the fire? (meaning and intending to refer to the fire which destroyed the one story dwelling house on or about January 17, 1931, hereinbefore referred to, and which was insured as herein set out by the defendant company); Do you (meaning and intending to refer to the person to whom the defendant, L. P. Abel was then talking) know of any one pushing Dr. Hardin (meaning and intending to refer thereby to the plaintiff, Dr. J. A. Hardin) on his indebtedness, that would cause the house to be burned or set afire (meaning and intending to charge thereby that certain creditors of the plaintiff, Dr. J. A. Hardin, were calling on him, the said plaintiff, for the payment of their debts and that the said plaintiff was financially embarrassed by reason of his inability to pay said debts, and that the said plaintiff, Dr. J. A. Hardin, was thereby influenced and moved to burn the said house, and that he set fire to it for the purpose of collecting the insurance proceeds of the policy above referred to with the defendant company, so that he could pay certain creditors debts and thus relieve his financial embarrassment)."

A motion for a bill of particulars was filed by the defendant, and the plaintiff responded that the statements made in count 1 were made to C. C. Barbee, alone, and that those in count 2 were made to one Willie Arnold, when one J. M. Windham was present.

The defendant's demurrer to the declaration was overruled as to the first count, and sustained as to the second count.

The cause proceeded to trial on the first count, and there was a judgment in favor of Dr. Hardin. The case was appealed to this court and dismissed on March 6, 1933. The insurance company appealed from the first judgment, and this appeal is by the plaintiff on the judgment sustaining the demurrer to the second count, rendered September 28, 1932, and appeal bond was filed March 28, 1933.

The appellees in the present case filed a plea in bar and motion to dismiss, contending that the judgment on the first count is res adjudicata.

We think this plea and motion to dismiss are not well taken. The appeal in Hardin v. Home Ins. Co. (No. 30515) was from a judgment solely on the first count. The bill of particulars shows that the two counts involved separate and distinct slanders growing out of the adjustment of losses. Dr. J. A. Hardin, in the first appeal was not obliged to cross-appeal, and to cross-assign the errors therein. The appeal in this case is one that he had a right to take. The insurance company could dismiss its appeal in the other suit, but that would not bind him. Each party is entitled to an appeal, and the appeal here was taken within the period of time allowed for appeals.

We are of the opinion, however, on the merits of the case, that the court was correct in sustaining the demurrer to the second count of the declaration. The declaration shows on its face that L. P. Abel was seeking to adjust the loss, and was inquiring into the facts with the view of determining whether there was any liability, and if so, the extent thereof, when he made these alleged statements, which were in the nature of interrogatories pertaining to an investigation.

The videlicet, alleging that he intended to assert charges in making said statements, but when taken with the declaration as a whole, shows that they were mere inquiries—a mere seeking of information as to whether the fire was of incendiary origin or not.

Given a fair construction, in the light of the circumstances alleged in the declaration, the questions cannot be construed as statements of facts. It is true that statements may be made in the form of interrogatories, but, the ones in the case at bar are not of that class. When taken in the form in which these statements were couched, they were merely questions seeking information, and were not seeking to defame the plaintiff.

For the reasons indicated, the judgment will be affirmed.

Affirmed.